WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JAY CHODOCK and NANCY CHODOCK, his wife,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN ECONOMY INSURANCE CO. dba SAFECO INSURANCE CO., formerly known as AMERICAN STATES INSURANCE CO., a foreign insurer,<br><br>Defendant. | No. CIV-05-1263-PHX-ROS<br><br>**OPINION AND ORDER** |

Pending before the Court is American Economy Insurance Co.'s Motion to Transfer Venue to the United States District Court for the Northern District of Indiana. [Doc. #9] For the following reasons, the motion is granted.

## BACKGROUND

Plaintiff Jay Chodock ("Chodock"), was the owner and president of Raitt Corp., an armored car company, in Indiana. Through his company, he purchased business automobile insurance coverage from American Economy Insurance Co. ("American Economy"). [Doc. #2, 2] The policy contained a provision for $500,000 underinsured motorist ("UIM") coverage. [Id.]

Chodock and his wife Nancy reside in Arizona during the winter months. [Compl. ¶ 1, attached as Exh. A to Doc. #1] In December 1997, they were involved in an automobile accident in Arizona. The accident was caused by Pam Reithmuller. [Id. ¶¶ 9-10.] Chodock allegedly sustained "serious, disabling and permanent injuries" as a result of the accident. Those injuries prevented him from working and caused him to sell Raitt Corp. "for far less than its previous value." [Id.]

Chodock filed suit against Pam Riethmuller and eventually settled with her for her policy limit. [Exh. A(2), Doc. #1] Chodock then sought UIM coverage from both his personal insurance policy, issued by Westfield Insurance Co. ("Westfield"), and his business insurance policy, issued by American Economy. [Doc. #10] American Economy denied coverage. [Doc. # 8]

Chodock filed suit against American Economy on March 28, 2005, in Maricopa County Superior Court. [Exh. A, Doc. #1] The lawsuit alleged, inter alia, breach of contract and bad faith. [Id. at 3-4.] American Economy removed the action to this Court under diversity jurisdiction on April 27, 2005. [Doc. # 1] American Economy then filed its answer on May 4, 2005. [Doc. # 2] A similar lawsuit was filed against Westfield on January 31, 2005, which was also removed to this court. On June 6, 2005, American Economy filed this Motion to Transfer. While that motion was pending, Chodock moved to consolidate his cases against Westfield and American Economy. [Doc. #10] That motion was denied based on the lack of factual commonalities between the two cases. [Doc. #15]

## DISCUSSION

A motion for change of venue is governed by 28 U.S.C. § 1404(a). That statute states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." This transfer statute was meant "to prevent the waste of 'time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" Van Dusen v. Barrack, 376 U.S. 612, 616 (1964) (quoting Continental Grain Co.

v. Barge FBL-585, 364 U.S. 19, 26-27 (1960)). "As the party requesting the transfer, [American Economy] bear[s] the burden of proving that [Indiana] is the more appropriate forum for the action." Warfield v. Gardner, 346 F.Supp.2d 1033, 1043 (D. Ariz. 2004); see also Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986) (moving party has the burden of showing that the balance of convenience weighs heavily in favor of transfer).

Pursuant to the transfer statute, a party seeking transfer must meet two requirements. First, that the suit might have been brought in the proposed transferee district. Hoffman v. Blaski, 363 U.S. 335, 344 (1960). Second, transfer must be for the convenience of the parties and the witnesses and in the interest of justice. See Gunther-Renker Fitness, L.L.C. v. Icon Health & Fitness, Inc., 179 F.R.D. 264, 269 (C.D. Cal 1998). The Ninth Circuit has provided a number of factors a court should consider when evaluating the second requirement. Jones v. GNC Franchising, 211 F.3d 495, 498-99 (9th Cir. 2000). Those factors are

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the cost of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, (8) the ease of access to sources of proof.

Id. The Court begins its analysis by examining the first requirement, whether the current suit could have been brought in Indiana.

**I. Where the Suit Might Have Been Brought**

Transfer under Section 1404(a) is limited to courts where the action "might have been brought." The moving party must demonstrate that the proposed transferee court would have subject matter jurisdiction, personal jurisdiction, and would be a proper venue for the action. Hoffman, 363 U.S. at 343-44. American Economy is headquartered in Indiana, meaning the U.S. District Court of the Northern District of Indiana would have personal jurisdiction and venue would be proper. See 28 U.S.C. 1391(c) (providing venue is proper in "a judicial

- 3 -

district where any defendant resides, if all defendants reside in the same State."). Subject matter jurisdiction, however, is in dispute.

Chodock contends that federal diversity jurisdiction would not exist if the suit were transferred to Indiana. According to Chodock, "no true diversity of citizenship existed" at the time of accident. Thus, Chodock believes that a federal court in Indiana would not have jurisdiction. This is incorrect. As American Economy correctly points out, federal diversity jurisdiction is based on residency of the parties *at the time the suit was filed*. Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 570 (2004). Chodock was a resident of Michigan at the time the suit was filed. Therefore, diversity jurisdiction existed at the time the suit was brought and the suit might have been brought in the Northern District of Indiana. [Doc. #1]

## II. Convenience of the Parties and Witnesses and in the Interest of Justice

The court now turns to the second requirement for transfer, the convenience of the parties and the witnesses and the interests of justice. The factors provided in Jones, 211 F.3d at 498-99, provide a framework for evaluating this requirement.

### a. Location where the relevant agreements were negotiated and executed

The first Jones factor relies on the location of negotiations and execution of the agreement. The insurance policy at issue here was negotiated and executed in Indiana for the understood risk that was garaged in Indiana. This factor favors transfer.

### b. State most familiar with governing law

The next Jones factor asks which court would be most familiar with the law governing the suit. In a suit arising under diversity jurisdiction, the court follows the substantive law of the forum, including its choice of law principles. Lange v. Penn Mutual Life Ins., 843 F.2d 1175, 1178 (9th Cir. 1988). Arizona uses the Restatement (Second) of Conflicts of Law ("Restatement") to determine its choice of law. Beckler v. State Farm Mut. Auto. Ins. Co., 987 P.2d 768, 771-72 (Ariz. Ct. App. 1999). The Restatement states that "the validity of a contract of fire, surety or casualty insurance and the rights thereby are determined by the local law of the state which the parties understood was to be the principal location of the

1  insured risk . . . [unless] some other state has a more significant relationship . . . under the
2  principles stated" in other sections of the Restatement.  Restatement (Second) of Conflicts
3  of Law § 193.  Under this analysis, the laws of Indiana would likely apply.  The principal
4  location of the insured risk was Indiana and no other state appears to have a more significant
5  relationship.  This factor favors transfer.

### c. Plaintiff's choice of forum

7  The third Jones factor involves giving appropriate deference to plaintiff's choice of
8  forum.  There is a strong presumption in favor of the plaintiff's choice.  Decker Coal Co. v.
9  Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986).  However, courts give less
10 deference to plaintiff's chosen venue when the plaintiff does not reside in the forum state or
11 where the forum lacks a "significant connection" to the activities alleged in the complaint.
12 See Chrysler Capital Corp. v. Woehling, 663 F. Supp. 478, 482 (D. Del. 1987) ("[W]hen the
13 plaintiff chooses a forum which has no connection to himself or the subject matter of the suit
14 . . . the burden on the defendant is reduced and it is easier for the defendant to show that the
15 balance of convenience favors transfer."); Pacific Car & Foundry Co. v. Pence, 403 F.2d 949,
16 954 (9th Cir. 1968) ("If the operative facts have not occurred within the forum of the original
17 selection and that forum has no particular interest in the parties or the subject matter, the
18 plaintiff's choice is entitled to only minimal consideration.").

19 Chodock is not a resident of Arizona.  He received some medical treatment in Arizona
20 and he vacations in this state, but treatment was also administered to Chodock in Indiana and
21 Illinois.  Also, the financial injury that Chodock incurred from the sale of Raitt Corp. took
22 place in Indiana.  [Doc. #17]  Thus, the Court concludes that Chodock's choice of forum does
23 not weigh heavily in favor of denying the motion to transfer.

### d. Respective parties' contacts with the forum; Contacts relating to the plaintiff's cause of action in the chosen forum.

26 The next Jones factors involve the parties' contacts with the chosen forum.  American
27 Economy is based in Indiana and is licensed to conduct business in Arizona.  American

Economy does not, however, maintain any offices in Arizona. [Doc. #9] Chodock resides in Arizona during the winter, and the accident occurred in Arizona. But Chodock is a resident of Michigan and Raitt Corp. was located in Indiana. The Court concludes that the parties have more contact with the state of Indiana than with Arizona. Thus, this factor favors transfer.

### e. Differences in cost of litigation in the two forums; Ease of access to evidence.

Next, the Court must determine if transfer will have an impact on the cost of litigation or the ease of access to evidence. As both parties suggest, there are multiple witnesses located in Indiana that will need to be deposed; only a few witnesses are located in other states. It appears that if transfer were granted the amount of travel time required to obtain depositions would be reduced. This would reduce the overall cost of the litigation. Also, American Economy's documents and Raitt Corp. are both in Indiana. This factor also favors transfer.

### f. Availability of compulsory process for non-party witnesses.

Finally, under Jones the Court must inquire as to the availability of compelling the attendance of witnesses. Live testimony is a primary reason courts are concerned about the convenience of witnesses. Sackett v. Denver & R. G. W. R. Co., 603 F. Supp. 260, 262 (D. Colo. 1985). A court will therefore favor a forum where non-party witnesses will fall under the court's subpoena power. Commercial Solvents Corp. v. Liberty Mut. Ins. Co., 371 F. Supp. 247, 250 (S.D.N.Y. 1974). If the case is held in Arizona, it appears that the majority of witnesses, which are located in Illinois and Indiana, are beyond the subpoena power of this Court. The Court concludes that the location of these witnesses favors transfer.

Taken together, the aforementioned factors favor transfer to the United States District Court for the Northern District of Indiana. This transfer is in the interest of the parties and witnesses and in the interest of justice.

Accordingly,

1  The Motion to Transfer Venue (Doc. # 9) is GRANTED.

3  DATED this  11/7/05  .

Roslyn O. Silver
United States District Judge